**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HECTOR HERRERA DELEON,    )
    )
       Plaintiff,    )
    )
    v.    )    C.A. No. S23C-01-003 RHR
    )
DENNIS L. SMITH,    )
    )
       Defendant.    )

Submitted: March 30, 2023
Decided: April 3, 2023

*Upon Defendant's Recent Filing in this Case,*
**DENIED.**

## ORDER

After ignoring the proceedings and evading service of any documents in this ejectment action, Defendant, Dennis Smith, has copied this court on a voluminous document that appears to be a complaint in federal court, but was apparently never filed there (the "Filing"). Plaintiff's counsel is concerned that the Filing could be a motion to reargue or a motion for relief under Rule 60(b) and has asked for confirmation that this court's March 3, 2023 Order granting the ejectment remains final. To the extent that the Filing constitutes a motion for relief in the present case, it is **DENIED** for the following reasons:

1. The case before the court is an ejectment action filed by Hector Herrera DeLeon (the "Plaintiff"), in which he seeks to eject Dennis Smith ("Smith") from property that Plaintiff recently purchased at 60 Honolulu Road in Frankford, Delaware (the "Property").

2. Despite the efforts of the sheriff and a special process server, Smith refused to acknowledge any notices from this court, and Plaintiff filed a motion for alternative service.

3. Smith did not appear for the rule to show cause hearing on the ejectment action on March 3, 2023. After finding that Smith was aware of the proceedings, the court granted the motion for alternative service and the writ of ejectment. The execution of the writ of possession is scheduled for April 5, 2023.

4. On or about March 15, Smith submitted the Filing to the Superior Court in New Castle County. There was some confusion as to what the Filing was, but it was eventually transferred to the Prothonotary's Office in Sussex County and docketed in this case on March 24. Plaintiff filed a response on March 30.

5. The Filing does not clearly identify what exactly it is. It appears to be a federal lawsuit directed against the Frankford Police Department and the President of Frankford's Town Council. The caption indicates that various parties were copied on the Filing, including several judges of this court, the former owner of the Property, the Plaintiff, and the Sheriff of Sussex County. However, court staff

inquired with the federal district court and confirmed that the Filing has not been submitted to that court.

6.      The gist of the Filing alleges a criminal conspiracy against Smith by various state and federal judges, court personnel, the former owner of the Property, and Frankford town officials going back several decades.

7.      To the extent the Filing is a motion for reargument under Superior Court Civil Rule 59, it is untimely.[1] To the extent it is a request for relief under Rule 60(b), it fails to show any mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other basis for relief.[2]

8.      The contents of the Filing simply reargue issues already considered by this court when it previously ordered Smith's ejectment in a case brought by the former owner of the Property in *Estate of James Godwin v. Smith*,[3] which was affirmed by the Delaware Supreme Court.[4]

9.      While the 2021 ejectment action was pending in this court, Smith repeatedly attempted to remove the case to federal district court. The federal court summarily remanded the case back to this court by Memorandum Order dated April 14, 2011. The court noted "Defendant's repeat removal" of the case was "vexatious

---

[1] "The motion for a new trial shall be served and filed not later than 10 days after the entry of judgment, or rendition of the verdict…." Super. Ct. Civ. R. 59.
[2] *See* Super. Ct. Civ. R. 60(b).
[3] C.A. No. S09C-07-045 (Del. Super. May 21, 2021) (ORDER).
[4] *Smith v. Estate of James Godwin*, No. 201, 2021 (Del. Apr. 14, 2022) (ORDER).

and an abuse of the legal process."[5] It also informed Smith that it would not accept any future notices of removal.

10.   It appears that Smith is continuing to abuse the legal process in the present matter.

THEREFORE, Smith's Filing in this court does not provide grounds to modify or vacate this court's March 3, 2023 Order ejecting Smith and his personal belongings from the Property.

**IT IS SO ORDERED.**

_/s/Robert H. Robinson, Jr._
Robert H. Robinson, Jr., Judge

cc: File & ServeXpress

---

[5] *Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR, at 2 (D. Del. Apr. 14, 2011) (MEMORANDUM ORDER).